# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**GARY ALLEN GLIDDEN, #145432**                                   **PETITIONER**

**VERSUS**                                         **CIVIL ACTION NO. 1:12cv62-LG-JMR**

**E.L. SPARKMAN,** *ET AL.*                                                   **RESPONDENTS**

## REPORT AND RECOMMENDATION

This matter comes before the Court on Petitioner's Motions [9, 10] for Bond and to consolidate motions. Having considered the Motions, and being fully advised in the premises, the Court finds that the Petitioner's Motions [9, 10] are not well taken and should be denied.

Petitioner's *habeas* Petition, filed on February 22, 2012, is presently pending before this Court. In his Motion seeking bond, Gary Allen Glidden [Glidden] requests that this Court grant him bond and release him from state custody while his *habeas* petition is pending because he is illegally in state custody. (Ct. R., Doc. 9, p. 2.) Glidden also seeks consolidation of the hearing on his motion for bond and the Respondent's motion for additional time. (Ct. R., Doc. 10, p. 1.) The Court has granted the request for additional time to answer in a text order dated April 13, 2012, rendering Glidden's motion to consolidate a hearing on the motions moot. The Court, therefore, finds that the motion to consolidate should be denied.

In spite of the lack of specific statutory authority, it is "within the inherent power of a District Court of the United States to enlarge a state prisoner on bond pending hearing and decision on his application for writ of *habeas corpus*." *In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975) (*per curiam*). However, the Fifth Circuit has also determined that "a convicted defendant has no constitutional right to bail." *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006) (citing *United States v. Williams* 822 F.2d 512, 517 (5th Cir. 1987)).

In deciding whether to grant release on bail pending post-conviction *habeas* review, "a court should consider the following factors: (1) whether the petitioner has raised a substantial constitutional claim upon which he has a high probability of success, and (2) extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the *habeas* remedy effective." *Boothe v. Quarterman*, 2006 WL 2092433 (S.D. Tex.) (citing *Calley v. Callaway* 496 F.2d 701, 702 (5th Cir. 1974) (*per curiam*)). Furthermore, the Fifth Circuit has explained, in *dicta*, that it is "probably within the power of a United States Magistrate to enlarge a state prisoner on bail pending district court consideration of his habeas action." *Wainwright*, 518 F.2d at 175.

Upon review of Petitioner's Writ for *Habeas Corpus*, this Court finds that Petitioner has not raised a claim upon which he has a high probability of success. This Court further finds that Petitioner fails to show that extraordinary circumstances exist which would necessitate the granting of bail. Petitioner's main argument for granting bail is that he is being illegally detained and was wrongfully convicted. (Ct. R., Doc. 10, p. 3.) The Court finds that these reasons do not constitute extraordinary circumstances making bail necessary in order to preserve Petitioner's *habeas* remedy.

**CONCLUSION**

Based on the foregoing analysis, this Court finds that Glidden's Motions for Bond [9] and to Consolidate [10] should be denied.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than June 14, 2012, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the

2

matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the  31  day of May, 2012.

                                                                s/ John M. Roper, Sr.
                                        CHIEF UNITED STATES MAGISTRATE JUDGE