IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GARY ALLEN GLIDDEN, #145432**                                                        **PETITIONER**

**VERSUS**                                            **CIVIL ACTION NO. 1:12cv62-LG-JMR**

**E.L. SPARKMAN,** *ET AL.*                                                               **RESPONDENTS**

## REPORT AND RECOMMENDATION

This matter is before this Court on the petition for Writ of *Habeas Corpus* [1] filed by Petitioner, Gary Allen Glidden [Glidden] pursuant to 28 U.S.C. § 2254. Having considered the entire record and the applicable law, this Court makes the following recommendation regarding the petition.

## STATEMENT OF THE CASE

Glidden was convicted of possession of a controlled substance in the Circuit Court, First Judicial District of Harrison County, Mississippi, on December 10, 2008, and sentenced to a term of four years in custody of the Mississippi Department of Corrections [MDOC]. [1, p. 1.] Glidden was also sentenced to serve his imprisonment as a habitual offender. *Glidden v. State*, 74 So.3d 342, 343 (Miss. 2011). Glidden filed an appeal, asserting three issues:  that the trial court erred (1) in denying his motion for judgment notwithstanding the verdict due to insufficiency of evidence to support the conviction; (2) in denying his proffered circumstantial evidence instructions; and (3) in excluding evidence that the owner of the truck Glidden was driving on the day of his arrest had a pending drug indictment which would serve as a defense to the indictment for Glidden. *Glidden v. State*, 74 So.3d 353 (Miss. Ct. App. 2010). The Court of Appeals affirmed the judgment of the circuit court, and Glidden filed a petition for *writ of certiorari* asking the Mississippi Supreme Court to review the same issues raised in the Court of

Appeals. *Glidden v. State*, 58 So.3d 693 (Miss. 2011). The Mississippi Supreme Court affirmed Glidden's conviction and sentence. *Glidden*, 74 So.3d at 351. Glidden filed an application for leave to proceed in the trial court with a motion for post-conviction relief [PCR], which was denied on February 8, 2012. [1-2, p. 17.] Glidden filed a petition for writ of *habeas corpus* in this court on July 13, 2009, while his direct appeal was pending. [*Glidden v. Kelly*, 1:09cv478LG-RHW.] That petition was dismissed without prejudice for failure to exhaust his available state remedies. (*Id.*)

Glidden raises the following grounds for relief in his petition:

Ground One: Bogus traffic stop.

Ground Two: Illegal search and seizure.

Ground Three: Police exceeded their scope of inquiry.

Ground Four: Suppression hearing overruled.

Ground Five: "Tainted fruits" used as evidence to convict.

Ground Six:  The right to confront accuser.

Ground Seven: Ineffective assistance of counsel:

A. Trial Counsel did not contact witnesses or investigate the crime scene.

B. Trial counsel failed to state that Glidden had parked his vehicle on private property when approached by law enforcement.

C. Trial attorney did not move to suppress the photographs of the drugs in the truck.

D. Trial counsel failed to file an interlocutory appeal challenging the trial judge's denial of the motion to suppress.

E. Trial counsel failed to raise "any of the constitutional violations so that they could be heard on direct appeal."

F. Trial counsel failed to challenge illegal arrest.

G. Trial counsel terminated communication following the motion for JNOV and

>filing a notice of appeal.
>
>Ground Eight:
>
>A. Indictment was improperly amended to relict Glidden's habitual status.
>
>B. Improper twenty-five (25) month delay in seeking amendment.
>
>C. Glidden was denied his right to a speedy trial.
>
>Ground Nine: There was insufficient evidence to prove "other incriminating circumstances" of constructive possession of the marijuana.

[1, pp. 2-4.]

According to the Respondents, Glidden failed to present certain of these allegations to the Mississippi state courts. [13, p. 7.] This would include the issues raised in Ground Seven letters E and G and Ground Eight in his challenges to the amendment of the indictment and speedy trial rights. (*Id.*) These claims are now procedurally barred, and should be dismissed with prejudice, according to the Respondents. (*Id.*) The Respondents contend that Glidden cannot demonstrate cause under the cause and prejudice test necessary to overcome the procedural bar. [13, p. 8.]

Grounds One through Seven (A), (B), (C), (D) and (F) and Nine were considered by the Mississippi Supreme Court either on direct appeal or in PCR and were denied on the merits. Under the Antiterrorism and Effective Death Penalty Act [AEDPA], *habeas* review of these issues is barred unless the Court determines that the state court's decision involved an unreasonable application of the law, according to the Respondents. [13, p. 10.]

Glidden raises challenges to the legality of a traffic stop and the resulting seizure of marijuana in grounds One through Four of his *habeas* petition. Glidden had a full suppression hearing in state court on the traffic stop and seizure of the marijuana. [14-5, pp. 2-38.] The state court trial judge denied Glidden's motion to suppress the evidence and dismiss the charges after considering the testimony and arguments presented at the suppression hearing. [14-1, pp. 119-

3

120.]

Glidden contends in ground Five of his petition that "tainted fruits" were used in his prosecution. [1, p. 3.] Glidden contends that the state court "reheard" evidence from the lower court and "allowed the fruits from which Glidden had been adjudged not guilty to be used in cause B-2401-07-528." [1, p. 11.] In addition, in ground Six of the petition, Glidden contends that he was denied the opportunity to confront his accusers, citing to the order denying his motion to suppress the drug evidence and dismiss the charges lodged against him. [1, p. 13.]

Glidden appears to claim that because Sergeant Greg Goodman did not testify at the suppression hearing, Glidden's right to confront witnesses was denied. Detective Steve Compston was the only State witness, and he testified about the traffic stop. [14-5, p. 12.] He mentioned that Goodman was in the car at the time of the stop and that Goodman observed the marijuana in the truck. [14-5, pp. 13, 16.]

## ANALYSIS

I. Glidden's Grounds for *Habeas* Relief

    A. Grounds One -Four

Glidden contends that the traffic stop was "bogus", that the police exceeded the scope of their inquiry, that the search and seizure was illegal, and that the suppression hearing was improper because it was "overruled." [1, p. 4.] These claims are based on Glidden's rights under the Fourth Amendment. A federal court considering a *habeas* claim brought pursuant to § 2254 alleging Fourth Amendment claims should not review the state's factual findings to determine whether the petitioner's Fourth Amendment rights were violated. *Janecka v. Cockrell,* 301 F.3d 316, 320 (5th Cir. 2002), *cert. denied* 537 U.S. 1196 (2003). The proper inquiry is whether "the State has provided an opportunity for full and fair litigation of the claim." *Stone v. Powell,* 428

U.S. 465, 494 (1976); *Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012). Federal review of a Fourth Amendment claim is not called for simply because the federal court may have reached a different result than the state court. *Graves v. Estelle*, 556 F.2d 743, 745 (5th Cir. 1977).

"[W]here the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal *habeas corpus* relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial . . . ." *Stone*, 428 U.S. at 482. The *habeas* petitioner bears the burden of proving the denial of a full and fair hearing. *Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986). A petitioner attempting to overcome the it to show "that the processes provided by a state to fully and fairly litigate fourth amendment claims are routinely or systematically applied in such a way as to prevent the actual litigation of fourth amendment claims on their merits . . . ." *Williams v. Brown,* 609 F.2d 216, 220 (5th Cir. 1979). Even an error in adjudicating a Fourth Amendment claim, which the Court does not find in this case, does not amount to a deprivation of a full and fair hearing. *Moreno v. Dretke,* 450 F.3d 158, 167 (5th Cir. 2006), *cert. denied* 549 U.S. 1120 (2007).

In this case the state court afforded Glidden a full hearing on this issue, thus Glidden's Fourth Amendment issue is not properly before this court on *habeas* review. The Court recommends that Glidden's claims advanced in Grounds One through Three for *habeas* relief based on an alleged illegal search should be dismissed.

B.  Fourth Amendment Challenge

Glidden claims that the findings of the suppression hearing overruled the lower court finding that he was not guilty of a traffic violation. The law is clear that "the process due at a suppression hearing may be less demanding and elaborate than the protections accorded the

defendant at the trial itself." *United States v. Raddatz,* 447 U.S. 667, 679 (1980). A court is not bound by the Federal Rules of Evidence during suppression hearings. FED.R.EVID. 104(a). For example, hearsay evidence is appropriate and admissible at suppression hearings, while at trial it is admissible only if the hearsay evidence falls within one of the designated exceptions under the Rules. *Raddatz,* 447 U.S. at 679 ("At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial").

Glidden appears to challenge the suppression hearing held in his state court proceedings. The initial traffic stop is a constitutional detention if probable cause existed to believe a traffic violation has occurred. *Whren v. United States,* 517 U.S. 806, 810 (1996); *Harrison v. State*, 800 So. 2d 1134, 1139 (Miss. 2001). In addition, police officers may seize a suspicious object while lawfully engaged in a traffic stop. *See Texas v. Brown*, 460 U.S. 730, 739 (1983).

According to the Respondents, any Fourth Amendment search and seizure claims advanced by Glidden are precluded from *habeas* review pursuant to the holding in *Stone v. Powell*, 428 U.S. 465 (1976). [13, p. 12.] This preclusion acts as a bar on *habeas* relief based on the Fourth Amendment "absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct appeal." *See Davis*, 803 F.2d at 1372 (quoting *Stone*, 428 U.S. at 494, n.37).

It is of no consequence whether the opportunity is successful, the mere opportunity to present a claim to the trial and appellate courts alleging the violation of a Fourth Amendment right constitutes an "opportunity for full and fair consideration" of a fourth amendment claim under *Stone* unless petitioner can establish sufficient factual allegations and proof that the state process is routinely or systematically applied in such a way as to prevent the actual litigation of fourth amendment claims on their merits. *Moreno*, 450 F.3d at 167. The Fifth Circuit has

concluded that the "opportunity for full and fair litigation" "means just that: 'an opportunity.'" *Janecka,* 301 F.3d at 320, *citing Caver v. Alabama,* 577 F.2d 1188, 1192 (5th Cir.1978). The Mississippi Supreme Court and Court of Appeals reviewed the Fourth Amendment claim and found it to lack merit. [15, p. 5.]

In this case, the state court found that the circuit court was correct in denying Glidden's Fourth Amendment claim in its ruling on Glidden's motion for post conviction relief and motion to the Mississippi Court of Appeals. [13-3; 14-2, p. 19.] The Court finds that because the state court decision correctly analyzed Glidden's Fourth Amendment challenges, and no evidence that the Mississippi courts systematically and erroneously deny litigants an opportunity to present fourth amendment claims, that decision serves as a bar to federal *habeas* consideration of the same issue. *See Gray v. Epps*, 616 F.3d 436, 439 (5th Cir. 2010), *cert. denied* 131 S.Ct. 1785 (2011); *Williams,* 609 F.2d at 220; *Moreno*, 450 F.3d at 167. Accordingly, the Court finds that Glidden fails to show that the decision by the trial court was not a full and fair litigation of his Fourth Amendment claim. Thus, the Court finds that Glidden's Fourth Amendment probable cause challenge raised in Grounds One, Two, Three and Four are barred from federal *habeas* review under *Stone*, and recommends that the claims for *habeas* relief advanced in those portions of the petition should be dismissed.

      C.     <u>Right to Confront Accuser</u>

Glidden appears to claim he was denied the right to confront Greg Goodman during the trial. Contrary to Glidden's assertions, Goodman was a witness during the trial and Glidden was provided the opportunity to cross examine Goodman during the trial. [14-4, pp. 70-77.] The Court finds that there is no merit to this claim, and recommends that the *habeas* petition be denied on this ground. *See Pennsylvania v. Ritchie,* 480 U.S. 39, 53 (1987).

D.     Ineffective Assistance of Counsel

Glidden claims he received ineffective assistance of counsel by his trial counsel, Eric Geiss[1]. [1, p. 10.] He outlines several allegations of error by Geiss, including an alleged failure to investigate or adequately prepare for trial; failure to present an interlocutory appeal following the suppression hearing; failure to present arguments regarding alleged constitutional violations or to prepare a defense; failure to object to the use of the photo of the truck; and a failure to argue that his arrest was improper. [1, pp. 10-13.]

An attorney renders constitutionally ineffective assistance where his performance was deficient and prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984); *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012). Both showings must be established by a preponderance of the evidence. *Wiggins v. Smith,* 539 U.S. 510 (2003); *Strickland,* 466 U.S. at 687; *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir.), *cert. denied*, 528 U.S. 947 (1999). If the Court finds against the Petitioner on either element, then the Court may deny the ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 697; *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998).

Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed under the Sixth Amendment. *Strickland*, 466 U.S. at 687. When analyzing an allegation of deficient performance, the Court's inquiry will focus on whether counsel's performance fell below an objective standard of reasonableness. *Wiggins,* 539 U.S. at 521, *Williams v. Taylor,* 529 U.S. 362, 391 (2000); *Strickland,* 466 U.S. at 688. The determination will consider whether the assistance was reasonable under all the circumstances seen from counsel's perspective at the

---

[1]Glidden improperly refers to his counsel as Eric Giess. [14-2, pp. 88-9.]

time, and the prevailing professional norms for attorneys. *Wiggins,* 539 U.S. at 521; *Strickland*, 466 U.S. at 688; *Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1408 (2011); *see Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011), *cert. denied* 132 S.Ct. 1100 (2012).

Judicial scrutiny of counsel's performance is highly deferential and must be considered in light of the services rendered at the time, rather than by a distorted view of 20/20 hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The Court must determine whether there is a gap between what counsel actually did and what a reasonable attorney would have done under the circumstances. *Neal v. Puckett*, 286 F.3d 230, 236 (5th Cir. 2002), *cert. denied* 537 U.S. 1104 (2003). Defense counsel is presumed competent, and this Court indulges a strong presumption, which Glidden must overcome, that counsel's conduct is within the wide range of reasonable professional assistance. *Strickland,* 466 U.S. at 689; *Robison v. Johnson,* 151 F.3d 256, 260 (5th Cir. 1998), *cert. denied* 526 U.S. 1100 (1999). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson,* 116 F.3d 1115, 1122 (5th Cir. 1997).

To prove prejudice, Glidden must demonstrate that the result of the proceedings would have been different and that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied* 516 U.S. 1005 (1995); *Lockhart v. Fretwell*, 506 U.S.364, 369 (1993). Glidden must affirmatively prove and not merely allege prejudice. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.) *cert. denied*, 476 U.S. 1143 (1986). There is no constitutional entitlement to error free representation. *Washington v. Watkins*, 655 F.2d 1346, 1367 (5th Cir. 1981) *cert. denied*, 456 U.S. 949 (1982).

Glidden advances several reasons why he claims that Geiss provided ineffective assistance at the trial level and during the suppression hearing. [1, pp. 10-13.] Glidden contends that Geiss failed to investigate his case or present arguments regarding alleged constitutional violations and he did not file an interlocutory appeal as promised. [1, pp. 10-11.] Petitioner must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *Hill v. Lockhart,* 474 U.S. 52, 57 (1985). The Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689.

According to the Respondents, parts of Glidden's ineffective assistance claim were not presented to the Mississippi state courts, making federal *habeas* review of these claims procedurally barred. [13, p. 7.] The Respondents contend that the state court considered the merits of Glidden's other arguments and the decision of the state court regarding those claims was not an unreasonable application of federal law. [13, p. 11.]

Most of the claims advanced by Glidden were addressed by the trial court and appellate court and are barred from further review in Glidden's *habeas* petition. Glidden filed a motion to file application for PCR in the state court in which he raises as grounds for PCR his claims that he received ineffective assistance of counsel because his attorney did not inform the court that the vehicle Glidden was driving at the time of his arrest was on private property; never filed an interlocutory appeal of the results of his suppression hearing; did not object to the introduction of the pictures of the truck into evidence; and claims that the officers lacked probable cause to

10

make the traffic stop. [14-6, pp. 4, 7-9.] Glidden also asserted that his attorney never investigated the case or interviewed witnesses. [14-6, p. 10.] The motion was denied by the Mississippi Supreme Court. [14-6, p. 2.] Glidden also filed a motion in state court objecting to the amendment of the indictment to reflect Glidden's habitual offender status. [14-6, p. 47.]

A state prisoner seeking to raise claims in a federal *habeas* petition must first present those claims to the highest state court to exhaust his state remedies. 28 U.S. 2254(b). If a petitioner fails to exhaust his claims prior to seeking federal *habeas* relief, the *habeas* petition must ordinarily be dismissed. *See Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *see also Duncan v. Walker,* 533 U.S. 157, 178–79 (2001). The Respondents maintain that Glidden has not exhausted his state remedies in regard to his claims that Geiss did not raise "any of the constitutional violations so that they could be heard on direct appeal", failed to challenge his arrest, and terminated communication with Glidden after filing a notice of appeal. [13, p. 6.] In addition, the Respondents assert that Glidden's claims about the amendment of the indictment and allegations of a speedy trial violation are foreclosed by the failure to exhaust. (*Id*.)

A procedural default occurs when a *habeas* petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir.1997) (quoting *Coleman,* 501 U.S. at 735 n.1). Glidden is not required to return to the state courts to determine if his claims are procedurally defaulted. *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995) ("When it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review.") Because he failed to exercise the right, he has now forfeited it through procedural default. MISS. CODE ANN. §§

99–39–23(6) and 99–39–27(9).

If Glidden can demonstrate both *cause* for the default and actual *prejudice* resulting from it, or that a "fundamental miscarriage of justice" will occur if his claims are not considered by this court, he can prevent his defaulted claims from being dismissed with prejudice. *Coleman,* 501 U.S. at 750. A petitioner may show *cause* by demonstrating that there was something "external to the petitioner, something that cannot fairly be attributed to him" which prevented him from complying with the state procedural rules. *Coleman,* 501 U.S. at 753; *Hill v. Black,* 932 F.2d 369, 372–3 (5th Cir. 1991). There has been no such demonstration in this case.

In addition, Glidden cannot show that a fundamental miscarriage of justice will result if the defaulted claims are not considered by this court. The "fundamental miscarriage of justice" exception is triggered only "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent . . .." *Murray v. Carrier,* 477 U.S. 478, 496 (1986). It requires a petitioner to support such an allegation with *new,* reliable evidence that was not presented at trial. *Schlup v. Delo,* 513 U.S. 298, 324 (1995). Glidden presented no new evidence in his petition to provide a colorable showing of innocence; therefore, his petition does not satisfy any exception to overcome the procedural default, and the Court is barred from reviewing these claims. *Sones,* 61 F.3d at 416.

As for Glidden's remaining claims, the Mississippi Court of Appeals and Supreme Court found that the claims lacked merit when those courts ruled on the direct appeal and motion for PCR. [13-1; 13-2; 13-3.] There is nothing in his claim of ineffective assistance of counsel to establish that Glidden's contentions regarding a lack of probable cause to support his arrest were not properly considered by the courts and that his counsel were somehow to blame for the courts' treatment of the issue. This Court finds no merit in Glidden's claim that he received

ineffective assistance of counsel concerning his Fourth Amendment claim.

Complaints of uncalled witnesses are not favored in federal *habeas corpus* review because allegations of what a witness would have testified are largely speculative. "Where the only evidence of a missing witnesses' testimony is from the defendant, this Court views claims of ineffective assistance with great caution." *Sayre v. Anderson*, 238 F.3d 631, 635-6 (5th Cir. 2001)(quoting *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986)(citations omitted). The Petitioner must show that but for his attorney's failure to call these witnesses, the jury would have had a reasonable doubt about his guilt. *Earhart v. Johnson*, 132 F.3d 1062, 1068 (5th Cir. 1998), *cert. denied* 525 U.S. 933. Even if defense counsel's failure to call witnesses was deficient, Glidden has not shown that any testimony would have resulted in a different outcome at the trial.

Under the AEDPA, a petitioner is entitled to *habeas* relief only if he can show that the state court decision which denied him relief was contrary to or an unreasonable application of clearly established federal law. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002), *cert. denied* 538 U.S. 969 (2003). A state court decision is "contrary to" clearly established Supreme Court precedent when the decision "applies a rule that contradicts the governing law" set out in cases or reaches an opposite result from a case with facts that are "materially indistinguishable." *Williams*, 529 U.S. at 407.

A state court's decision involves an unreasonable application of federal law "if the state court identifies the correct governing legal principle from federal court decisions but unreasonably applies that principle to the facts of the prisoner's case." *Tucker v. Johnson,* 242 F.3d 617, 621 n.5 (5th Cir. 2001). When making the "unreasonable application" determination, federal courts should inquire whether the state court's application of clearly established federal

law was *objectively* unreasonable. *Williams,* 529 U.S. at 413. A state court determination is an unreasonable application of precedent when the state court correctly identifies legal principals from case law but unreasonably applies it to the facts of a case. *Williams*, 529 U.S. at 407. Under section 2254(e)(1), state court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Valdez v. Cockrell,* 274 F.3d 941, 947 (5th Cir. 2001).

The Court has examined Glidden's assertions regarding the state court findings and determined that any assertions that these claims are foreclosed by the state court findings. A federal court is to presume a state court's factual findings are correct absent clear and convincing evidence to the contrary. *See Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004). Glidden has not presented evidence contrary to the state court findings and has not rebutted the presumption of correctness of those findings by clear and convincing evidence. The Court recommends that Glidden's *habeas* petition under grounds one, two, three, four, five, six, seven (a), (b), (c) and (f) and count nine should be dismissed because these issues were reviewed by the state court and its findings were not contrary to or an unreasonable application of clearly established federal law.

Glidden offers no evidence that if his attorney had performed differently, the outcome of his proceeding would have been different. [1, pp. 4-15.] Therefore, the Court concludes that Glidden's ineffective assistance of counsel claims fail because Geiss' performance did not fall below an objectively reasonable standard. Glidden has not established the requisite factors under *Strickland* to prove ineffective assistance of counsel, and the Court finds no reason to grant *habeas* relief on this claim. In summary, the Court finds no merit to any of Glidden's claims and recommends that Glidden's *habeas* petition be dismissed with prejudice.

**CONCLUSION**

In summary, Glidden has not shown the adjudication of his claims in state court resulted in a decision contrary to Federal law nor that it resulted in a decision based on an unreasonable determination of the facts. In addition, Glidden has failed to establish that he received ineffective assistance of counsel. Therefore, the Court recommends that Glidden's Petition for Writ of *Habeas Corpus* [1] be dismissed with prejudice.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than January 17, 2014, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1425, 1428-9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R has been forwarded to petitioner at his last known address by certified mail, return receipt requested.

THIS the 3rd day of January, 2014.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE
